## WILLIAM ANDERSON, RESPONDENT, *v.* JAMES THOMSON, APPELLANT.

*Deposit in a savings bank in trust for another — the beneficiary may recover it from the executor of the trustee, if the executor has drawn it out — such action lies against the executor individually.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury directed by the court.

The plaintiff was the eldest son of William Anderson, who died August 3, 1873. On January 3, 1870, the said William Anderson opened an account with the Williamsburgh Savings Bank, entitled as follows: "Williamsburgh Savings Bank, in account with William Anderson in trust for William Anderson, Jr." He subsequently declared that his intention in so doing was to vest the title in his son. The deceased had also kept another account with the same bank in his own name, beginning in 1853. Up to January 6, 1871, the deposits and interest amounted to $13,290.59 and the drafts to $8,186.98. By the rules of the bank no deposit exceeding $5,000

would be received. On January 3, 1870, he drew $1,000 from the first account and deposited $1,865 in the new account. January 6, 1871, he drew $700 from the first account and on the same day deposited $1,000 in the new account. Both books continued in the possession of Anderson or his executor up to the time of the trial. On the 4th day of February, 1875, there was on deposit to the credit of the second account the sum of $3,437.80. On that day the defendant, who was the sole acting executor of the last will and testament of the decedent, drew from the savings bank the sum of $3,412.80 which he has since retained in his possession. The plaintiff became of age May 3, 1884. Subsequently to that date, and on September 29, 1884, a demand was made upon the defendant by the plaintiff for the payment to him of the said sum of $3,412.80 with the interest, and payment was refused. This action was thereupon brought.

The court at General Term said : " The case of *Martin* v. *Funk* (75 N. Y., 142) must control on this appeal. The deposit in the bank to the credit of plaintiff's father, as trustee for plaintiff, must be held in the absence of qualifying circumstances to vest the title in the plaintiff. The grounds upon which defendant seeks to take the case out of the rule, are no stronger than those existing in *Mabie* v. *Bailey* (95 N. Y., 206), and there held insufficient.

" The declaration of William Anderson, that he put the money in the bank for the plaintiff, was against interest and properly admitted. Other declarations not contemporaneous with the deposits and not against interest were properly excluded.

" The fund now claimed being no part of the testator's estate, defendant was properly sued in his individual capacity and costs. allowed against him as such. Whether these costs can be allowed in accounting before the surrogate is a question we are not called upon to decide.

" The judgment should be affirmed, with costs."

*Benjamin T. Kissam*, for the appellant.

*George L. Fox* and *Joseph A. Burr*, for the respondent.

Opinion by PRATT, J.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment affirmed, with costs.